298 So.2d 276 (1973)
STATE of Louisiana
v.
Sylvester PETERS.
No. 53754.
Supreme Court of Louisiana.
December 3, 1973.
On Rehearing July 1, 1974.
Dissenting Opinion on Rehearing July 29, 1974.
Sydney I. Horn, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., James L. Babin, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, Sylvester Peters, was tried under two bills of Information, charging him with armed robbery (LSA-R.S. 14:64) and simple kidnapping (LSA-R.S. 14:45). The defendant was convicted of both offenses, before a 12-man jury. A motion in arrest of judgment was granted as to the conviction for simple kidnapping, on the ground that the jury was improperly constituted. LSA-C.Cr.P. Art. 859(4). Defendant *277 was sentenced, under the armed robbery conviction, to serve 25 years in the custody of the Department of Corrections.
The defendant appeals his conviction for armed robbery, relying upon two bills of exceptions and an allegation of denial of due process, based upon the joint trial on the charges of armed robbery and simple kidnapping.
On the morning of March 14, 1973, the defendant allegedly went to the home of Mrs. Nelrene Clark, robbed Mrs. Clark at gun point of $64.00 and then, using a knife, cut her on her chest. After raping her, he forced Mrs. Clark to accompany him to Houston, Texas, where she was released.

BILLS OF EXCEPTIONS NOS. 1 and 2
These bills were reserved when the trial court admitted photographs of the victim, taken by the Calcasieu Parish Sheriff's Department, the day after the commission of the offense. The victim identified the photographs as being those taken of her the day after the perpetration of the crime (Tr. 38-40). The defense counsel objected to the introduction of the evidence on the grounds that a proper foundation had not been laid by the state. The defense contended that the photographs could not be properly identified by the photographer or officer. The contention is without substance.
The sufficiency of verification of a photograph for purposes of admissibility rests largely within the discretion of the trial judge. State v. Fox, 251 La. 464, 205 So.2d 42 (1967).
Recently, in State v. Mitchell, La., 278 So.2d 48, we rejected an identical contention, holding:
"As noted by the trial judge in his per curiam, it is not necessary that a picture be verified by the photographer in order for it to be offered into evidence."
See also State v. Chambers, 263 La. 1080, 270 So.2d 514 (1972).
In the present case, the identification of the photographs by the victim, that such photographs were those taken of her by the Calcasieu police officer the day after the offense, constituted a sufficient foundation for the introduction of this evidence at the trial.
Bills of Exceptions Nos. 1 and 2 lack merit.
In his appellate brief, the defendant raises an objection to the joint trial on the charges of armed robbery and simple kidnapping. It is his position that such a procedure denied him due process, despite the circumstance that the two charges arose out of the same events and that the simple kidnapping conviction was set aside in the trial court.
Insofar as the record before us shows, defendant filed no pretrial motion for severance, raised no objection to the joint trial, and has perfected no bill of exceptions.
The Louisiana Code of Criminal Procedure is explicit as to method required in raising issues for appellate review. Article 841 of the Louisiana Code of Criminal Procedure provides:
"An irregularity or error in the proceedings cannot be availed of after verdict unless it is objected to at the time of its occurrence and a bill of exceptions is reserved to the adverse ruling of the court on such objection. Failure to reserve a bill of exceptions at the time of an adverse ruling of the court operates as a waiver of the objection and as an acquiescence in the irregularity or ruling.
"This requirement shall not apply to:
"(1) A ground for arrest of judgment under Article 859, or the court's ruling on a motion in arrest of judgment; or
"(2) The court's ruling on a motion for a new trial based on the ground of bills of exceptions reserved during the trial."
*278 See also LSA-C.Cr.P. Art. 920.
Although the defendant filed a motion in arrest of judgment, this motion was grounded upon the fact that the jury was improperly composed for a case of simple kidnapping. This error was corrected when the trial judge sustained the motion as to the simple kidnapping conviction.
Furthermore, though a motion for a new trial was filed, this motion was founded upon the grounds set forth in Bills of Exceptions Nos. 1 and 2. These bills have been found to be without merit.
In conclusion, since a timely objection was not made in the trial court, and since this objection was not made a part of a formal bill of exceptions, the right to raise this issue has been waived. LSA-C.Cr.P. Arts. 841, 920; Fiano v. United States, 9 Cir., 271 F.2d 883 (1959), cert. den., 361 U.S. 964, 80 S.Ct. 593, 4 L.Ed.2d 545 (1960); McCrary v. State, 249 S.Ct. 14, 152 S.E.2d 235, cert. den., 386 U.S. 1013, 87 S.Ct. 1362, 18 L.Ed.2d 445 (1967); State v. Campbell, 230 S.Ct. 432, 96 S.E.2d 476, cert. den., 354 U.S. 914, 77 S.Ct. 1295, 1 L.Ed.2d 1427 (1957); Skaggs v. Illinois, 398 Ill. 478, 76 N.E.2d 455, writ. den., 333 U.S. 849, 68 S.Ct. 653, 92 L.Ed. 1131 (1948); Ramirez v. United States, 9 Cir., 294 F.2d 277 (1961).
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., dissents and assigns written reasons.
TATE, J., dissents and adopts reasons of BARHAM, J.
DIXON, J., dissents.
BARHAM, Justice (dissenting).
According to the record before us, the defendant was charged under two bills of informationone bill of information charged him with armed robbery, in violation of R.S. 14:64 and the other bill of information charged him with simple kidnapping, R.S. 14:45. The defendant was tried before a jury under both bills of information for both offenses.
Upon filing a motion in arrest of judgment alleging the improper joinder of the two offenses in the same trial, particularly alleging that the jury was improperly constituted for the crime of simple kidnapping, the motion in arrest of judgment was granted as to the conviction for simple kidnapping.[*] However, defendant's conviction for armed robbery was maintained and he was sentenced to twenty-five years in the custody of the Department of Corrections.
Although the defendant has pointed this Court to a defect in the pleadings and proceedings which constitutes reversible error, and which is discoverable from a mere inspection of the record, the majority has found that this matter is not before us. C.Cr.P. Art. 920.
C.Cr.P. Art. 706 states:

"Upon motion of a defendant, or of all defendants if there are more than one, the court may order two or more indictments consolidated for trial if the offenses and the defendants, if there are more than one, could have been joined in a single indictment. The procedure thereafter shall be the same as if the prosecution were under a single indictment." (Emphasis supplied.)
C.Cr.P. Art. 493 provides:
"No indictment shall charge more than one offense, except as otherwise provided in this Title, but the same offense may be charged in different ways in several counts."
The Official Revision Comment under this Article reads:
"(b) Arts. 481 and 482 state exceptions to the single charge rule of this article."
*279 Article 481 concerns the multiple charge in an indictment for theft. Article 482 provides for the alternative charges of theft and receiving stolen things and the alternative charges of manslaughter and abortion within the same indictments.
It is apparent then that armed robbery and simple kidnapping may not be charged in the same indictment. It is also very obvious that an indictment for armed robbery and indictment for simple kidnapping against the same individual may not be joined for a single trial. Even if they could be charged in the same indictment, the motion for the joinder of the two indictments into a single trial must be made by the defendant.
C.Cr.P. Art. 920 states that this Court shall consider on appeal:
"* * * (2) Any error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence."
We are required to note the following:
(1) The defendant was charged and tried under two separate indictments;
(2) The two indictments could not be charged in one indictment;
(3) Because the indictments could not be charged in one single indictment, waiver could not be had from the defendant so as to try both charges together;
(4) Simple kidnapping and armed robbery are not exceptions to the joinder rules of C.Cr.P. Art. 493;
(5) Moreover, there is no waiver of the defendant to these proceedings.
The majority concerns itself with the question of defendant not making a timely objection or reserving and preserving a formal bill of exceptions. It then concludes that the defendant has waived his right to raise this issue. This is totally erroneous. By a simple examination of the pleadings and proceedings and without resort to the evidence, glaring reversible error stares us in the face. It is error which cannot be waived by the defendant. It is error which we must note and it is error upon which we must reverse. This defendant has been tried before a jury under two separate indictments for charges which could not be combined in indictment nor combined for trial. The defendant cannot waive this error. He has not done so. He urges it vigorously on this appeal.
Moreover, conceding only for argument that these indictments could be charged in one indictment, defendant must move for joinder of the indictments for trial. He has not done this.
I respectfully dissent.

ON REHEARING
DIXON, Justice.
We granted rehearing in this case to reconsider the question of whether failure to move to quash in a proceeding where the accused is being prosecuted under two indictments which charge two separate offenses constitutes waiver of objection to the defect.
The theory of prosecution under our Code of Criminal Procedure, subject to certain stated exceptions, is that a trial be had on a single indictment charging one crime. See C.Cr.P. 491, 493, 481, 482. Even the accused may not demand joinder of offenses falling outside the exceptions. C.Cr.P. 706. However, failure to object timely waives any complaint that a party may have concerning misjoinder of offenses. C.Cr.P. 495 provides:
"The objections of duplicity, misjoinder of defendants, or misjoinder of offenses may be urged only by a motion to quash the indictment."
C.Cr.P. 535 provides in pertinent part:
"C. A motion to quash based on any grounds, other than those stated in Paragraphs A and B of this article, may be filed of right within ten days after arraignment *280 or before commencement of the trial, whichever is earlier. Such motion may be filed with permission of the court after expiration of the tenday period, but prior to commencement of trial.
"D. The grounds for a motion to quash under Paragraphs B and C are waived unless a motion to quash is filed in conformity with those provisions."
Although the situation before us, two indictments charging two crimes in a single proceeding, does not fall within the definitions of duplicity or misjoinder of offenses (C.Cr.P. 491, 493), we believe it is analogous to those defects. There is no substantial difference between a proceeding involving one indictment charging two separate nonjoinable offenses and a proceeding involving two indictments charging such offenses. In each instance the prohibition against such a procedure is grounded on the possible prejudice arising from a single trial on two offenses. See C.Cr.P. 493, Official Comment. The defects are not jurisdictional nor do they constitute a denial of due process. Cf. Federal Rules of Criminal Procedure 8(a).
The Code of Criminal Procedure requires that "all pleas or defenses raised before trial," with certain exceptions, "shall be urged by a motion to quash." C. Cr.P. 531. The motion to quash, according to the Official Comment, "is an allembracive plea."
We find that an objection to proceeding to trial on two separate bills of information in one trial is properly made under C.Cr.P. 535 as "a motion to quash based on any grounds, other than those stated in Paragraphs A and B of this article." And, according to the provisions of C.Cr.P. 535, subd. D, the grounds for such a motion to quash are waived unless filed in conformity with those provisions.
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs.
TATE, J., concurs and assigns reasons.
BARHAM, J., dissents and assigns reasons.
TATE, Justice (concurring).
I am inclined to agree with my brother BARHAM: Our Code of Criminal Procedure does not authorize the joining for trial of charges of armed robbery and of simple kidnapping. Such a joinder is not authorized by our code, even with the consent of the defendant. See La.C.Cr.P. art. 706. It is therefore not waived by a failure to file a motion to quash the indictment, and it is an error patent on the face of the record.
However, I ultimately conclude that the joinder is harmless error under the circumstances of this case: (1) since, as is conceded, the simple kidnapping and the armed robbery were part of a continuous offense, the evidence on the trial of either charge would be admissible insofar as the other formed part of the res gestae; (2) since, on motion in arrest of the judgment, the conviction for simple kidnapping was quashed, the defendant received only one sentence. The defendant therefore was not prejudiced, as all evidence received at the present trial was in fact admissible on the charge of armed robbery, and since the defendant in fact received only one sentence.
Unlike the federal practice and the procedure in many states, the Louisiana Code of Criminal Procedure and our ancient law prohibits and discourages the joinder of charges of multiple offenses at a single trial. The pros and cons of our procedure, as contrasted with the free-joinder philosophy in these other jurisdictions, is for the legislature to weigh and choose from. In the present instance, in fact, the joinder of the trial of the two crimes arising out of a single course of conduct commends itself to common sense; and *281 perhaps the legislature should authorize such joinder under similar circumstances.
Nevertheless, for the reasons stated in the dissent, I do not believe the procedure followed to be authorized by law. However, under the particular circumstances here, the defendant was not actually prejudiced by the joinder of the trial of both charges, factually interrelated although not legally joinable, and I therefore concur in the affirmance.
BARHAM, Justice (dissenting).
I dissent from the majority holding that the defendant's failure to make a timely motion to quash constituted a waiver of his right to object to the misjoinder of offenses.
The defendant was indicted under two bills of informationone bill charged him with armed robbery in violation of La.R.S. 14:64, and the other bill charged him with simple kidnapping under La.R.S. 14:45. The defendant was tried before a single 12-man jury under both bills of information for both offenses. A motion in arrest of judgment which alleged improper constitution of the jury and improper joinder of offenses was filed. The motion was granted as to the simple kidnapping conviction on the basis of the improperly constituted jury allegation; however, the conviction for armed robbery was maintained and defendant was sentenced to twenty-five years imprisonment. I am of the opinion that the improper joinder of offenses for trial was prejudicial reversible error.
C.Cr.P. Art. 706 states:

"Upon motion of a defendant, or of all defendants if there are more than one, the court may order two or more indictments consolidated for trial if the offenses and the defendants, if there are more than one, could have been joined in a single indictment. The procedure thereafter shall be the same as if the prosecution were under a single indictment." (Emphasis supplied.)
C.Cr.P. Art. 493 provides:
"No indictment shall charge more than one offense, except as otherwise provided in this Title, but the same offense may be charged in different ways in several counts."
The Official Revision Comment under this Article reads:
"(b) Arts. 481 and 482 state exceptions to the single charge rule of this article."
Article 481 concerns the multiple charge in an indictment for theft. Article 482 provides for the alternative charges of theft and receiving stolen things and the alternative charges of manslaughter and abortion within the same indictments.
It is apparent then that armed robbery and simple kidnapping may not be charged in the same indictment nor may indictments for those two offenses be joined for a single trial. Even if it were permissible to join them in the same indictment, the motion for joinder into a single trial could only be made by the defendant.
The majority fails to note the following:
(1) The defendant was charged and tried under two separate indictments;
(2) The two indictments could not be charged in one indictment;
(3) Because the indictments could not be charged in one single indictment, waiver could not be had from the defendant so as to try both charges together;
(4) Simple kidnapping and armed robbery are not exceptions to the joinder rules of C.Cr.P. Art. 493;
(5) There is no waiver of the defendant to these proceedings.
The error here is prejudicial to the accused because it constitutes a substantial violation not only of his statutory rights, but also of his right to due process under the Fourteenth Amendment to the United *282 States Constitution, and Louisiana Constitution Article 1, § 2. It is error which we must note from a mere inspection of the pleadings and proceedings before us. C.Cr.P. Art. 920. It is error which cannot be waived by the defendant. In my opinion, it is error which requires us to reverse. C.Cr.P. Art. 921.
The meager record which we consider in this case consists of the minutes, the bill of information, the charge to the jury, the verdict of the jury, the pleadings and the bills of exceptions. The bills of exceptions are not at all directed toward or concerned with the discovered error. The transcript of the evidence, i. e., of the testimony taken at the trial, is not made a part of the record. Attached to the two bills of exceptions are four pages of testimony which is directed at identification of some photographs. Even if this Court tried to find harmless error under the federal harmless error rule, the sparse record would not permit the application of that rule.
The only thing that is established from the record is that the two offenses were committed on the same day. As far as this record reflects, they are totally separate offenses, distinct and apart from each other.
If it could be ascertained from the record that the two offenses joined for trial were actually a part of one continuing criminal act, and that circumstances surrounding both offenses would be admissible as res gestae in the prosecution for either offense, it would be arguable that the trial of the two offenses together was harmless error and that the same evidence presented at the trial under the two indictments would be admissible at a trial on only one indictment. However, the record does not supply the basis necessary to validate such an argument.
As we must interpret the bare record before us, the defendant has been charged with two offenses entirely foreign to each other. We will never know whether the jury found him guilty of both offenses or of only simple kidnapping or only armed robbery. For the purpose of this review, we must weigh the fact that the evidence in the simple kidnapping case was considered in the conviction for armed robbery. The evidence was inadmissible under any legal basis. According to the record, it could not be made admissible by an illegal and unconstitutional trial of him for the two offenses at the same trial. The armed robbery conviction cannot stand.
Therefore, it is my opinion that this defendant has been tried under two separate indictments for charges which could not be combined in one indictment nor combined for trial. Further, based on the record and on pertinent law, I can only conclude that this is prejudicial reversible error.
For these reasons, I respectfully dissent.
NOTES
[*] Armed robbery requires a 12-man jury, while simple kidnapping requires a 5-man jury.