357 So.2d 1105 (1978)
STATE of Louisiana
v.
Wilfred James MALLETT.
Nos. 60923 and 60924.
Supreme Court of Louisiana.
April 10, 1978.
Rehearing Denied May 19, 1978.
*1106 James A. Miguez, Milton P. Masinter, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Bernard N. Marcantel, Dist. Atty., Charles R. Cassidy, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Wilfred James Mallett was charged by two separate bills of information with the crimes of contributing to the delinquency of a juvenile in violation of La.R.S. 14:92A(9), attempted theft of rice valued in excess of $500 in violation of La.R.S. 14:27, and criminal trespass in violation of Jefferson Davis Parish Ordinance No. 595, the latter two offenses being charged in separate counts in one bill of information. All three offenses charged are misdemeanors. The minutes reflect that the bills of information were consolidated for trial by agreement of counsel. After trial by jury, defendant was found guilty as charged of all three offenses. On his conviction for attempted *1107 theft of rice valued in excess of $500, defendant was sentenced to pay a fine of $200 plus court costs, in the default of the payment of which he was to serve three months in the parish jail, and to serve one year in the parish jail, which sentence was to run consecutively with any other sentence which defendant was to serve. On his conviction for criminal trespass in violation of the parish ordinance, he was sentenced to pay a fine of $100 plus court costs, in default of the payment of which he was to serve thirty days in the parish jail, which sentence was to run consecutively with the sentence imposed for his attempted theft conviction and any other sentence which defendant was to serve. On his conviction for contributing to the delinquency of a juvenile, defendant was sentenced to pay a fine of $500 plus court costs, in default of the payment of which he was to serve thirty days in the parish jail, and to serve six months in the parish jail, which sentence was to run consecutively with the above two sentences and any other sentence which defendant was to serve. Defendant was given credit toward service of his sentences for time spent in actual custody prior to the imposition of sentences. On appeal, he relies on seven assignments of error for reversal of his convictions and sentences.[1]

ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motions to quash the bills of information. He argues that Jefferson Davis Parish Ordinance No. 595 under which he was charged with the offense of criminal trespass is unconstitutionally vague and the bills of information in which he was charged with the three offenses failed to adequately inform him of the nature and cause of the accusations against him.
Article I, section 13 of the Louisiana Constitution of 1974 provides that, in a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. This constitutional guarantee requires that penal statutes and ordinances describe the unlawful conduct with sufficient particularity and clarity that ordinary men of reasonable intelligence are capable of discerning its meaning and conforming their conduct thereto. State v. Tucker, 354 So.2d 1327 (La.1978); State v. Defrances, 351 So.2d 133 (La.1977); State v. dela Beckwith, 344 So.2d 360 (La. 1977); State v. Lindsey, 310 So.2d 89 (La. 1975). Under the fourteenth amendment to the United States Constitution, words and phrases used in statutes and ordinances must not be so vague and indefinite that any penalty prescribed for their violation would constitute a taking of liberty or property without due process of law. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); State v. Tucker, supra; State v. dela Beckwith, supra; State v. Lindsey, supra.
Jefferson Davis Parish Ordinance No. 595 provides in pertinent part:
SECTION 1. Criminal trespass by hunters and/or fishermen in Jefferson Davis Parish, outside the corporate limits of municipalities, is hereby defined as follows:
Criminal trespass is the intentional and unauthorized entry upon any lands of another by persons engaged in hunting and/or fishing activities under any one or more of the following circumstances, to-wit:
(1) When the land entered is land that is being regularly cultivated for crop production in a plan of crop husbandry and crop rotation, or
(2) When the land entered has been enclosed by fences or other barriers, or
(3) When the land entered is not cultivated land nor enclosed land but upon the boundaries of which signs have been erected at regular intervals on the boundaries in such manner as to reasonably *1108 notify the public that such lands are posted against hunting and fishing.

. . . . .
We consider that this provision gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the ordinance. Papachristou v. City of Jacksonville, supra. Accordingly, the ordinance is not unconstitutionally vague.
In one of the bills of information, the state charged that defendant, "a person over seventeen years of age, did unlawfully contribute to the delinquency of a juvenile by intentionally permitting his son Michael a juvenile 13 years of age, to violate a law of the state to-wit: attempted theft La.R.S. 14:27 and Ordinance No. 595 trespassing of Jefferson Davis Parish, (a misdemeanor) in violation of La.R.S. 14:92(9)." [2] This charge closely tracked the language of La.R.S. 14:92A(9). Although the citation of the statute under which defendant was charged was erroneous in that it referred to the pertinent statute as La.R.S. 14:92(9) rather than as La.R.S. 14:92A(9), under La.Code Crim.P. art. 464, error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice. No showing is made in the instant case that defendant was prejudiced by the error in the statutory citation. Hence, the error in the citation is not a ground for reversal of defendant's conviction on the charge of contributing to the delinquency of a juvenile.
In the second bill of information defendant was charged in count one with the unlawful "attempt to commit theft of rice valued in excess of $500.00 from storage bins owned by Truman J. Fear, Jr., with the intent of permanently depriving the owner of the rice, (a misdemeanor) in violation of La.R.S. 14:27." The charge substantially traced the language of La.R.S. 14:67, the general theft article, which provides:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.

. . . . .
In count two of the same bill of information, defendant was charged with unlawfully making "an unauthorized and intentional entry upon the property of Truman J. Fear, Jr., while engaged in hunting activities located in Section 24, T9S, R6W, in Jefferson Davis Parish, being land which is regularly cultivated for crop production, to-wit: soybeans, without the consent of the owner, (a misdemeanor) in violation of Ordinance No. 595 of Jefferson Davis Parish."[3] This count closely tracked the language of the parish ordinance.
In the instant case, the particulars of the offenses charged were clearly and concisely set forth in the bills of information. Any further particulars of the offenses charged could have been discovered by the filing of a motion for a bill of particulars. The record does not reveal that defendant filed such a motion. In any event, we consider that the bills of information were sufficient to inform defendant of the charges against him, to adequately guard against surprise or lack of notice and to protect against further prosecution for the same offenses. Accordingly, the trial judge did not err in denying defendant's motions to quash the bills of information.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in ordering that the bills of information be *1109 consolidated for trial since the three misdemeanors charged therein could not have been joined in a single bill of information.[4] He further argues that the offenses of attempted theft and criminal trespass were improperly joined in the same information in separate counts since the offenses joined were not triable by the same mode of trial.[5]
The prohibition against misjoinder of offenses and improper consolidation of offenses for trial is grounded on the possible prejudice arising from a single trial on two or more offenses. The defects are not jurisdictional nor do they constitute a denial of due process. State v. McZeal, on rehearing, 352 So.2d 592 (La.1977); State v. Peters, on rehearing, 298 So.2d 276 (La.1974). Hence, misjoinder of offenses may be waived by the failure to timely assert it by a motion to quash, and improper consolidation of offenses for trial may be waived by the failure to object. La.Code Crim.P. art. 495;[6]State v. McZeal, supra; State v. Peters, supra. In the instant case, the minutes reflect that the bills of information were consolidated for trial by agreement of counsel. Furthermore, defendant did not urge the misjoinder of offenses in one of the bills of information by a motion to quash. By his failure to assert the misjoinder of offenses by a motion to quash and his agreement to the consolidation of the three offenses for trial, defendant has waived these alleged errors in the proceedings.
Assignment of Error No. 2 lacks substance.

ASSIGNMENT OF ERROR NO. 3
Defendant was charged in count two of one of the informations with the offense of criminal trespass committed on "property. . . located in Section 24, T9S, R7W, in Jefferson Davis Parish . . .." After selection and swearing of the jury but prior to the reading of the informations and defendant's pleas to the charges on arraignment, the state moved to amend count two of the information by striking "R7W" and substituting in its place "R6W" (Range 6 West). Defendant objected to the amendment on the ground that it changed the parish where the crime was committed. The trial judge ordered the information amended but offered to grant defendant a continuance. Defendant expressly rejected the offer of a continuance. Defendant assigns as error the trial judge's order amending count two of the information.
In supplemental brief to this court, defendant states that this alleged error will not be urged on appeal as a basis for reversal of his conviction for the crime of criminal trespass because of the lack of proof contained in the record that the amendment changed the parish where the crime was committed. However, defendant reserved his right to assert the alleged error in post-conviction proceedings. Hence, the alleged error is no longer before us for review.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the trial judge erred in permitting the state, in closing rebuttal argument, to comment upon defendant's failure to take the stand.
*1110 A reference by the state to defendant's failure to testify in his own defense, when made within the hearing of the jury, is a mandatory ground for a mistrial under La.Code Crim.P. art. 770. The proper procedural vehicle to assert the improper reference is the motion for a mistrial.
In the instant case, defendant did not object to the allegedly prejudicial remark of the prosecutor or request a mistrial at the time of its occurrence or at the conclusion of the state's closing rebuttal argument. By his failure to timely object or to move for a mistrial, defendant waived the alleged error. State v. Sims, 346 So.2d 664 (La.1977); State v. Smith, 339 So.2d 829 (La.1977); State v. Clark, 332 So.2d 236 (La.1976); State v. Dillard, 320 So.2d 116 (La. 1975). Furthermore, a prosecutor's argument does not form part of the pleadings and proceedings which may be examined for patent error even in the absence of a formal objection or motion for a mistrial. La.Code Crim.P. art. 920(2); State v. Whatley, 320 So.2d 123 (La.1975). Hence, the alleged error is not presented for our review.
Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends the trial judge erred in refusing to permit an expert witness called on behalf of the defense to express his opinion as to whether defendant was psychologically capable of committing the crime of contributing to the delinquency of a juvenile where the juvenile was his son.
Dr. Leonard M. Cohen, a duly qualified expert in the field of chiropractic and social psychology, testified that he had initially seen defendant about one month before the commission of the crimes charged and had treated him over a period of twelve days for a physical condition diagnosed as severe lumbrosacral strain and sciatica. He was extensively examined on his treatment and findings relative to defendant's spine. He was then asked whether, in his opinion, defendant was physically capable of lifting a certain pipe attachment which was exhibited to him. He responded in the negative. Next, he was asked whether he had formed an opinion regarding defendant's psychological makeup. Cohen responded that he had formed such an opinion based on his conversations with defendant during the course of defendant's treatment for a physical condition. The state objected to this line of inquiry. The jury was removed from the courtroom. Upon questioning by the trial judge, the witness admitted that he had treated defendant primarily as a chiropractor rather than as a psychologist. Considering that a proper foundation had not been laid to inquire into defendant's psychological makeup, the trial judge ruled that Dr. Cohen could not express an opinion as to defendant's capacity to commit the crime.
An expert witness must state the facts upon which his opinion is based. La.R.S. 15:465. In the instant case, the record reveals that the opinion of the expert witness as to defendant's capacity to commit the crime of contributing to the delinquency of a juvenile was grounded solely on the occasional conversations which the witness had with defendant during the course of defendant's treatment for his physical ailment. The witness failed to state the facts upon which his opinion of defendant's psychological makeup and capacity to commit the crime was based. We consider that an insufficient foundation was laid on which to base the witness' opinion as to defendant's capacity to commit the offense of contributing to the delinquency of a juvenile. Accordingly, the trial judge did not err in refusing to permit the expert witness to so testify.
Assignment of Error No. 6 is without merit.

ASSIGNMENT OF ERROR NO. 7
Defendant contends the trial judge erred in denying his motion for a new trial in which he alleged, inter alia, that the state presented no evidence to prove the crimes of attempted theft of rice, contributing to the delinquency of a juvenile and criminal trespass.
*1111 The record reveals that, prior to the commission of the instant crimes, members of the Jefferson Davis Parish Sheriff's Office and auxiliary were investigating thefts of rice in the area. In connection with this investigation, the M & M Milling Company, a food processing business owned and operated by defendant's older son, Chester Mallett, was placed under surveillance on the evening of August 10, 1977. Defendant was employed by the company in an advisory capacity. At approximately 8:00 p. m. on that evening, police officers observed a pickup truck belonging to the M & M Milling Company leave the company's property and return approximately an hour and a half later. Upon its return, two trucks with attached goosenecked trailers owned by the company and used in hauling grain departed from the company site and proceeded in the direction of property owned by Truman Fear, Jr., a rice farmer. Police officers kept the vehicles under surveillance but subsequently lost sight of them. The officers then proceeded to Fear's property where they inspected the bins used to store rice. There, they observed that one of the bins, which contained rice valued at approximately $13,000, had been set up so that the rice could be emptied from the bin into a pit situated nearby and from there into goosenecked trailers. Shortly thereafter, the police contacted Fear, the owner of the bins, who denied that he had authorized anyone to load rice from the bins or to go on his property. Subsequently, the trucks with the attached goosenecked trailers were sighted by police officers parked on a neighboring farm. Defendant and his thirteen-year-old son were later discovered by police officers kneeling in a nearby field owned by Fear and cultivated for soybean production. They were armed with a shotgun and a pistol and were apparently engaged in hunting. Defendant and his son were taken into custody. Subsequent inspection of the rice bins located on Fear's property revealed that rice had been removed from one of the bins and placed in the pit in preparation for its loading into goosenecked trailers. Tools and loading equipment belonging to the M & M Milling Company were discovered at the scene. It was later determined that the trucks, goosenecked trailers, tools and equipment had been stolen from the M & M Milling Company.
Our review of the record convinces us that there was some evidence of each of the crimes for which defendant was found guilty by the jury. Accordingly, the trial judge did not err in denying defendant's motion for a new trial.
Assignment of Error No. 7 lacks merit.

DECREE
For the reasons assigned, the convictions and sentences are affirmed.
DIXON, J., dissents on the convictions for trespass (by hunting) and contributing (by permitting the child to hunt). There is no evidence of defendant's hunting therefore no evidence of contributing to the delinquency of the child.
NOTES
[1] Defendant neither briefed nor argued Assignment of Error No. 4. Therefore, we consider this assignment of error to have been abandoned. State v. Blanton, 325 So.2d 586 (La. 1976); State v. Carlisle, 315 So.2d 675 (La. 1975).
[2] The minutes reflect that the state was permitted to amend the bill of information in order to specify the state statute and the parish ordinance which defendant allegedly permitted the juvenile to violate.
[3] The minutes reflect that the state was permitted to amend this count of the bill of information by inserting the phrases "while engaged in hunting activities" and "being land which is regularly cultivated for crop production, to-wit: soybeans" and by changing the range number of the property from R7W to R6W.
[4] With regard to consolidation of two or more indictments for trial, La.Code Crim.P. art. 706 provides:

Upon motion of a defendant, or of all defendants if there are more than one, the court may order two or more indictments consolidated for trial if the offenses and the defendants, if there are more than one, could have been joined in a single indictment. The procedure thereafter shall be the same as if the prosecution were under a single indictment.
[5] La.Code Crim.P. art. 493 governs the joinder of offenses in the same indictment or information and provides:

Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.
[6] La.Code Crim.P. art. 495 provides:

The objections of misjoinder of defendants or misjoinder of offenses may be urged only by a motion to quash the indictment.