525 So.2d 1256 (1988)
STATE of Louisiana
v.
David P. ADAMS.
No. KA 87 1589.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
*1258 Allen W. Helm, III, Asst. Dist. Atty., Houma, for plaintiff and appelleeState.
Clifford E. Foster, Office of Indigent Defenders, Houma, for defendant and appellantDavid P. Adams.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
COVINGTON, Chief Judge.
David P. Adams was charged by bill of information with vehicular homicide, a violation of La.R.S. 14:32.1; and second offense driving while intoxicated, a violation of La.R.S. 14:98 C. He was tried by a jury and convicted as charged on each count. The trial court imposed a sentence of five years at hard labor for the conviction of vehicular homicide; and the court imposed a concurrent term of six months imprisonment in the parish jail for the conviction of second offense driving while intoxicated. Defendant appealed, urging four assignments of error, as follows:
1. The trial court erred by accepting the qualifications of an expert witness.
2. The trial court erred by overruling defendant's objection to a line of questioning which called for expert witness testimony.
3. The evidence was not sufficient to support the verdict.
4. The sentences imposed are excessive.

FACTS
The incident from which these charges arose occurred on February 11, 1986, on a two lane highway near Houma, Louisiana. The accident took place at approximately 4:00 p.m. in clear weather conditions. Defendant, who was driving a Chevrolet pickup truck, crossed the center line and collided with a Honda Civic driven by Lemuel J. Hebert. Scrape marks in the pavement and evidence of the tire tracks indicated that the victim drove onto the shoulder in an attempt to avoid the accident; however, the truck driven by defendant hit the victim's car almost head on. The truck overrode the victim's car, forcing the undercarriage of the car into the pavement. The autopsy report of the victim listed several different causes of death. Defendant was hospitalized with moderate injuries.
Defendant agreed to discuss the accident with investigating officers. He related that, at the time of the accident, he was returning from a Mardi Gras parade in Houma. Defendant admitted that he had consumed at least eight beers at the parade. A blood test established that his blood alcohol content was .14 percent.

ACCEPTANCE OF EXPERT QUALIFICATIONS
By assignment of error number one, defendant submits that the trial court erred by accepting the qualifications of Gregory A. Whitney, a state witness who was qualified as an expert in the field of accident investigation and reconstruction. Although defendant alleges that Mr. Whitney was not qualified, he does not claim a specific manner in which Mr. Whitney's qualifications were lacking.
Before any witness can give evidence as an expert, his competency must have been established to the satisfaction of the court. La.R.S. 15:466. A trial judge is vested with wide discretion in determining the competence of an expert witness, and the judge's ruling on the qualifications of an expert will not be disturbed in the absence of manifest error. State v. Trosclair, 443 So.2d 1098 (La.1983), cert. denied, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984). The record reflects that Mr. Whitney was well qualified by his experience and training in the field of accident reconstruction. This assignment of error has no merit.

*1259 OVERRULING OBJECTION TO DEFENDANT'S TESTIMONY
By assignment of error number two, defendant submits that the trial court erred by overruling his objection to a line of questions propounded by the state that required expert medical testimony.
The state presented the testimony of Dr. Charles J. Ladoux, who testified that, as the level of alcohol in a person's blood increases, the individual's vision, motor control, and neurological functions are increasingly impaired. On cross-examination, defendant testified that his driving ability was not impaired by the eight beers that he consumed before the accident occurred. He further testified that the alcohol could not have contributed to the accident. Thereafter, the state asked defendant whether Dr. Ladoux was correct in his testimony that alcohol impaired a person's vision, motor coordination, and reflexes; and defendant agreed that he was correct. The state then attempted to ascertain whether defendant agreed that his functioning was impaired by the alcohol because of the medical and scientific certainty of the effect of alcohol. Defense counsel objected on the grounds that defendant was not a doctor and, presumably, was not qualified to testify about the medical effects of alcohol. The trial court overruled the objection.
The question did not call for expert medical testimony and, therefore, defendant's objection on that ground was properly overruled. The state was simply attempting to impeach defendant's previous testimony that alcohol did not affect him and could not have contributed to the accident. This assignment of error has no merit.

SUFFICIENCY OF THE EVIDENCE
By assignment of error number three, defendant submits that the evidence was not sufficient to sustain the verdict. He does not set forth any manner in which the state's proof was deficient.
Vehicular homicide is defined as the killing of a human being caused by a person's operation of an automobile [or other motor vehicle] when the operator's blood alcohol concentration is 0.10 percent or more. La. R.S. 14:32.1; State v. Taylor, 463 So.2d 1274 (La.1985).
Defendant testified at trial and admitted that he drank at least eight beers before the accident. He also admitted that he was driving his truck when the accident occurred. The predicate offense for the charge of second offense driving while intoxicated was also established through defendant's testimony that he pled guilty to a charge of driving while intoxicated in August, 1981, within five years of the instant offense. The state presented evidence that tests administered after the accident established that defendant's blood alcohol content was .14 percent when he was hospitalized after the accident for the injuries he sustained in the collision. Further, the state established that the accident occurred on the right shoulder of the northbound lane, and that defendant was driving in the southbound lane. The state presented evidence that the weather conditions could not have contributed to the accident; nor was the collision due to the condition of the road or excessive speed. Finally, the state presented expert testimony that defendant's ability to drive would have been affected by the consumption of alcohol and the level of alcohol in his blood.
The standard of review of a claim that the evidence is not sufficient to support the verdict is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). Applying this standard to the instant case, we conclude that the evidence is constitutionally sufficient and supports the convictions of the defendant.

EXCESSIVE SENTENCE
By assignment of error number four, defendant submits that the trial court imposed excessive sentences.
The maximum sentence that can be imposed for a conviction of vehicular homicide *1260 is five years at hard labor. The trial court is required to impose a sentence of at least two years, with or without hard labor. La. R.S. 14:32.1. The maximum sentence that can be imposed for driving while intoxicated (second offense) is six months in the parish prison. La.R.S. 14:98. Thus, the sentences that were imposed herein are the maximum statutorily authorized.
In imposing sentence, the trial court noted that defendant had previously been charged with negligent homicide, driving while intoxicated, driving left of center, and driving while under suspension, in an accident in which two persons were killed. The court further noted that defendant had entered a plea of guilty to the charge of driving while intoxicated and all of the other charges were apparently dropped. Other offenses for which defendant had been charged included one count of simple burglary, for which defendant was convicted and sentenced to four years imprisonment; possession of marijuana; contributing to the delinquency of a juvenile; felony theft; driving under suspension; having an expired inspection sticker on his vehicle; aggravated assault; and simple battery. The court specifically noted that it had considered the fact that defendant was married and the sole support of his family; however, the court stated its belief that defendant was in need of correctional treatment. The court further noted that, in consideration of defendant's previous record, particularly the negligent homicide charges connected to his conviction for driving while intoxicated, the instant offense was as close to being an intentional offense as possible under the circumstances; and, if it were possible, the court would have imposed a sentence greater than five years.
Defendant does not complain of any manner in which the sentences imposed are excessive. The trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Bennett, 498 So.2d 230 (La.App. 1st Cir.1986). We find no abuse of discretion. Although the maximum sentence is generally reserved for the worst offenses and the worst offender, the record herein indicates that defendant is habitually a drunk driver who has not learned from his past experiences. Therefore, we find him to be one of the worst possible perpetrators of vehicular homicide and driving while intoxicated. This assignment of error has no merit.

PATENT ERROR
In our review of the record, this court has noticed, ex proprio motu, that the instant offenses were improperly joined in one bill of information. La.C.Cr.P. art. 493 provides for the joinder of charges, as follows:
Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial. [Emphasis added]
Since the penalty authorized for a conviction of vehicular homicide includes punishment with or without hard labor for up to five years, it is a felony offense. La.R.S. 14:2(4); La.R.S. 14:32.1. A person charged with vehicular homicide is entitled to trial by a jury of six persons. La. Const. art. 1, sec. 17; La.C.Cr.P. art. 782. The maximum penalty for second offense driving while intoxicated does not exceed a fine of five hundred dollars or imprisonment for more than six months; therefore, a person accused of the offense is not entitled to a trial by jury. See, La. Const. art. 1, sec. 17; La.C.Cr.P. art. 779. See also State v. Henderson, 491 So.2d 647 (La.1986). Thus, the offenses were not properly joined because they were not triable by the same mode.
In State v. Mallett, 357 So.2d 1105 (La. 1978), cert. denied, 439 U.S. 1074, 99 S.Ct. 848, 59 L.Ed.2d 41 (1979), the Louisiana *1261 Supreme Court noted that the prohibition against misjoinder of offenses and improper consolidation of offenses for trial is grounded on the possible prejudice arising from a single trial on two or more offenses; and, therefore, the defects are not jurisdictional, nor do they constitute a denial of due process. The court concluded that the misjoinder of offenses may be waived by the failure to timely assert it by motion to quash.
However, in Mallett, the court specifically noted that the three charges that were improperly joined were all misdemeanor offenses. Thus, that case does not discuss the effect of a misjoinder that results in the trial of one or more of the charges by an improper mode.[1] We agree that the joinder of offenses that is improper for any reason other than the fact that they are not triable by the same mode does not present a constitutional defect. However, in the instant matter, the improper joinder of a misdemeanor count with a relative felony count resulted in a constitutionally defective mode of trial for the charge of driving while intoxicated.
The trial of an accused by a jury comprised of more jurors than constitutionally required is reversible error because the verdict is an absolute nullity. State v. Nedds, 364 So.2d 588 (La.1978). The joinder of two offenses which are triable by juries comprised of the same number of jurors but require different numbers of jurors to concur in the verdict also results in reversible error. State v. McZeal, 352 So.2d 592 (La.1977), on rehearing. The court noted that the verdicts were reversible.[2] Moreover, the court has consistently held that the waiver of a jury trial must be expressed; it can never be presumed. State v. McCarroll, 337 So.2d 475 (La. 1976). Therefore, we conclude that the court, in Mallett, did not intend to require *1262 the defendant to object or file a motion to quash if the improper joinder of charges results in a constitutionally defective trial; or that such error is waived by the defendant's failure to do so.
In State v. Thibodeaux, 490 So.2d 572 (La.App. 3rd Cir.1986), writ denied, 494 So.2d 325 (La.1986), the defendant was jointly charged with aggravated criminal damage to property and attempted second degree murder. The defendant appealed the misjoinder. Citing State v. Mallett, a majority found that the defendant's argument had no merit because he failed to file a motion to quash. However, the court specifically noted that the conviction for the improperly joined misdemeanor offense was vacated before sentence was imposed for it. Thus, we are not persuaded that the Louisiana Supreme Court sanctioned the implicit waiver of the constitutional defect of an improper mode of trial.
Therefore, we conclude that the instant conviction for driving while intoxicated is a nullity because it was improperly joined with a felony charge and that misjoinder resulted in a defective trial for the lesser charge. We note, however, that defendant's conviction for vehicular homicide was properly tried. Although the court noted in State v. McZeal, supra, that the proper remedy to correct an improper joinder is to remand both of the causes for retrial, the court therein specifically set forth the considerations upon which it presumed a legislative intent to designate as conclusively prejudicial the joinder of a capital offense with other offenses for trial. The court especially noted that there is a basic sense of justice which is affronted by the spectacle of a human being on trial for his life who is forced to divide his energies in defending against other crimes.
Those considerations are not present herein. In the matters before us, it is obvious that the evidence admitted to support the charge of vehicular homicide necessarily included the evidence supporting the charge of driving while intoxicated because the elements and various classifications of driving while intoxicated are specifically incorporated in the vehicular homicide statute. The state was further required to establish the predicate offense to support the charge of second offense driving while intoxicated. Although, in other circumstances, the introduction by the state of evidence to support a misjoined charge that is neither relevant to the properly tried matter, nor a part of the res gestae comprising the offense, could well be said to prejudice the accused, we find that defendant herein was not prejudiced by the state's presentation of evidence. The record reflects that the state did not, in fact, present evidence of defendant's predicate conviction through its case-in-chief. The only evidence presented of that charge was defendant's admission to it while on cross-examination. The state was entitled to impeach the credibility of defendant through use of his prior convictions; thus, the jury was not presented with evidence that could not have been admitted in the trial of the vehicular homicide charge alone.
Moreover, we note that, in State v. Thibodeaux, supra, when presented with an appeal of the properly tried felony after the conviction of the improperly joined misdemeanor had been vacated, the Louisiana Supreme Court apparently determined that the felony conviction was not a nullity despite the fact that it was tried with a misdemeanor charge. Thus, we conclude that the proper remedy is for this Court to vacate only defendant's conviction for the improperly joined misdemeanor.
We find, therefore, that the improper joinder of the misdemeanor charge of driving while intoxicated, which resulted in a trial of that charge by an improper mode, constituted reversible error. However, we find that the charge of vehicular homicide was properly tried; and, thus, we find no error as to defendant's conviction of that offense.
SENTENCE FOR DRIVING WHILE INTOXICATED, SECOND OFFENSE, IS VACATED, AND CONVICTION THEREFOR IS ANNULLED; CONVICTION AND SENTENCE FOR VEHICULAR HOMICIDE ARE AFFIRMED.
NOTES
[1] According to the opinion, the defendant was charged with contributing to the delinquency of a juvenile, in violation of La.R.S. 14:92 A (9); attempted theft of rice valued at more than $500.00; and criminal trespass, in violation of Jefferson Davis Parish Ordinance No. 595. The three offenses were charged in two bills of information: one bill of information joined the charges of criminal trespass and attempted felony theft; the other charged the offense of contributing to the delinquency of a juvenile.

Acts 1976, No. 121, §§ 1, 2 amended the penalty provision of La.R.S. 14:92 A (9) to reduce the penalty exposure for persons convicted of contributing to the delinquency of a juvenile in cases that did not involve the performance of a sexually immoral act. At that time, the maximum penalty was reduced from a possible fine of up to $1000.00 and imprisonment for not more than two years with or without hard labor to a possible fine of up to $500.00 and not more than six months imprisonment. The incidents occurred on August 10, 1977. The defendant was charged with permitting his juvenile son to join him in attempting to commit theft of rice and permitting his son to engage in criminal trespass. Thus, that charge was in fact a misdemeanor.
Defendant was also charged with the attempted theft of rice valued at more than $500.00. The grades of theft set forth in La.R.S. 14:67 were finally established by Acts 1972, No. 653. Therefore, apparently, the charge of attempted theft of rice valued at more than $500.00 was actually a felony. See also State v. Gaspard, 222 La. 222, 62 So.2d 281 (La.1952). However, although the defendant urged in Mallett that the charges of attempted theft and criminal trespass were improperly joined because the offenses were not triable by the same mode of trial, the opinion specifically recites that the charges were all misdemeanor offenses; thus, we conclude that the court did not address the issue of the improper joinder of a misdemeanor count with a felony count.
[2] We note, as well, that State v. Mallett relies upon State v. Peters, 298 So.2d 276 (La. 1974), on rehearing, and State v. McZeal, supra, in concluding that misjoinder does not result in a constitutional defect. However, in State v. McZeal, the court noted that the state's reliance upon an implicit waiver of the error by the defendant's failure to file a motion to quash was misplaced. Recognizing that the state had relied upon Peters, which did not provide for the implicit waiver of misjoinder (consolidation) the Court distinguished Peters on the ground that the issue involved therein concerned the problem of joinder as regulated by La.C.Cr.P. art. 493 before that article was amended to provide that the offenses must be triable in the same mode in order to be properly joined. 352 So.2d at 604. The court then noted that Peters involved the defendant's failure to object to the misjoinder; and that the defendant (in McZeal) had timely filed a motion to quash. We note, as well, that in Peters, the defendant was separately charged with armed robbery and simple kidnapping. Both cases were triable by a twelve-person jury and, thus, the Court was not presented with a constitutional defect such as would result from the misjoinder of cases that were not triable by the same mode.