NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 06-869


STATE OF LOUISIANA

VERSUS

LAVERNE GATES

AKA LAVERN GATES, AKA TERRY W. GATES,

AKA TERRY W. YATES, AKA CARL JONES


**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 68814
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.

**CONVICTIONS AND SENTENCES AFFIRMED. MOTION TO WITHDRAW GRANTED. REMANDED FOR CORRECTION OF MINUTE ENTRY.**

**William E. Tilley**
**District Attorney**
**30th Judicial District Court**
**P.O. Box 1188**
**Leesville, LA 71496-1188**
**(337) 239-2008**
**Counsel for Plaintiff:**
**State of Louisiana**

**Christopher Albert Aberle**
**23146 Nelita St.**
**Mandeville, LA 70471**
**(504) 893-9766**
**Counsel for Defendant:**
**Laverne Gates**

**SAUNDERS, Judge.**

On September 20, 2005, the Defendant, Laverne Gates, was charged by bill of information with one count of possession of cocaine with intent to distribute, in violation of La.R.S. 40:967, one count of possession with intent to use drug paraphernalia, in violation of La.R.S. 40:1033[1], and one count of improper lane usage, in violation of La.R.S. 32:79. The Defendant entered a plea of not guilty to all counts on September 20, 2005. On March 10, 2006, the Defendant withdrew his previous pleas of not guilty and entered pleas of guilty to possession of cocaine and possession with intent to use drug paraphernalia. As part of the plea bargain, the charge of improper lane usage was dismissed.

On May 23, 2006, the Defendant was sentenced to serve five years at hard labor and to pay a fine of two thousand dollars and costs of court for possession of cocaine. He was also ordered to serve six months in parish jail and to pay a fine of two-hundred fifty dollars and costs of court for possession with intent to use drug paraphernalia. Additionally, money seized from the Defendant, one thousand three-hundred forty-two dollars, was ordered forfeited. A Motion to Reconsider Sentence was filed on May 26, 2006, and denied on the same day. However, the trial court rescinded the portion of the sentence ordering the forfeiture of money seized from the Defendant. A Motion for Appeal and Designation of Record was filed on June 1, 2006.

Appellate counsel filed an *Anders* brief in this matter. For the following reasons, we affirm the convictions and sentences and grant the Motion to Withdraw.

**FACTS:**

---

[1] La.R.S. 40:1033 was redesignated as La.R.S. 40:1023 pursuant to Acts 2006, No. 676.

On April 4, 2005, the Defendant was operating a vehicle near Rosepine when he was stopped by police after crossing over the yellow line several times. While outside his vehicle, the Defendant removed something from his pocket and dropped it on the ground. The object was retrieved by police and was later determined to be cocaine. Additionally, when conducting a search of the Defendant's person incident to arrest, police found a rock of cocaine in the Defendant's pocket.

**ERRORS PATENT:**

After reviewing the record for errors patent pursuant to La.Code Crim.P. art. 920, there is one error patent. Additionally, the minutes of the guilty plea proceeding require correction.

Along with the felony charge of possession with the intent to distribute cocaine, the Defendant was charged with the misdemeanor offenses of improper lane usage and possession with intent to use drug paraphernalia. The offense of possession with intent to use drug paraphernalia is punishable by a fine of not more than five hundred dollars, or imprisonment of not more than six months, or both. La.R.S. 40:1035. The penalty for improper lane usage in violation of La.R.S. 32:79 is a fine of not more than one-hundred seventy-five dollars, or imprisonment for not more than thirty days, or both. La.R.S. 32:57. Accordingly, the Defendant was not entitled to a jury trial on either of these offenses. La.Code Crim.P. art. 779. Because the Defendant *was entitled* to a jury trial for the felony charge of possession with the intent to distribute cocaine and *was not entitled* to a jury trial on the possession with intent to use drug paraphernalia and improper lane usage, the offenses were not triable by the same mode of trial and should not have been charged in the same bill of information. *See* La.Code Crim.P. art. 493. However, because the Defendant

2

failed to file a motion to quash the information based on the misjoinder, he waived any objection to the error. La.Code Crim.P. art. 495. *State v. Mallett*, 357 So.2d 1105 (La.1978), *cert. denied*, 439 U.S. 1074, 99 S.Ct. 848 (1979). Additionally, the Defendant entered a guilty plea without reserving any objection to the misjoinder. Accordingly, the issue of misjoinder is waived.

The court minutes of the guilty plea proceeding require correction. The Defendant was originally charged in Count 1 with possession with the intent to distribute cocaine, but he subsequently pled guilty to the lesser offense of possession of cocaine. The transcript of the plea proceeding indicates that the Defendant pled guilty to possession of cocaine; however, the court minutes of the guilty plea proceeding indicate the Defendant pled guilty to *attempted* possession of cocaine. When the court minutes conflict with the transcript, the transcript prevails. *State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. Since the transcript clearly indicates the Defendant pled guilty to possession of cocaine, rather than attempted possession of cocaine, the case is remanded and the district court instructed to amend the minutes of the guilty plea proceeding to correctly reflect that the Defendant pled guilty to possession of cocaine.

**ASSIGNMENT OF ERROR:**

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), Defendant's appellate counsel filed a brief stating he could find no errors on appeal that would support reversal of the Defendant's convictions or sentences. Thus, counsel seeks to withdraw.

In *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

3

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

*Id.* at 531.

Pursuant to *Anders* and *Benjamin*, the court performed a thorough review of the record, including pleadings, minute entries, the charging instrument, and the transcripts. As previously noted, the Defendant was not properly charged in the bill of information. However, he waived any error regarding that issue. *See* La.Code Crim.P. art. 495. *State v. Mallett*, 357 So.2d 1105. The Defendant was present and represented by counsel at all crucial stages of the proceedings and entered a free and voluntary guilty plea after properly being advised of his rights in accordance with *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Additionally, the Defendant received legal sentences.

We have found no issues which would support an assignment of error on appeal. Therefore, counsel's Motion to Withdraw is granted.

**CONVICTIONS AND SENTENCES AFFIRMED. MOTION TO WITHDRAW GRANTED. REMANDED FOR CORRECTION OF MINUTE ENTRY.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.