449 So.2d 540 (1984)
STATE of Louisiana
v.
Henry DEFRAITES.
No. KA-1213.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1984.
Rehearing Denied April 25, 1984.
Writ Denied June 15, 1984.
*541 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Arthur A. Lemann III, Lemann, O'Hara & Miles, New Orleans, for defendant-appellant.
Before BARRY, AUGUSTINE and CIACCIO, JJ.
BARRY, Judge.
The defendant was convicted of public bribery in Orleans Parish, LSA-R.S. 14:118, and now argues double jeopardy and reurges his motions to quash and for a new trial based on improper venue.

FACTS
On May 7, 1980 the defendant was stopped in New Orleans by Officer John Morse and questioned regarding the sale of fake jewelry. The defendant was taken to the police station for questioning where he allegedly offered Morse $400 to avoid being arrested.
On May 14th the defendant and Morse had a pre-arranged meeting in Jefferson Parish. According to Morse, the defendant gave him $400.00 and they discussed the F.B.I.'s investigation of the jewelry scam.
On June 26th the defendant and Morse again met in Jefferson Parish and Morse claims the defendant offered him "... a couple of hundred dollars ..." for a copy of the F.B.I. report on its jewelry investigation. The defendant denied making the offer or asking for a copy of the report. After that meeting Morse contacted the F.B.I. and arranged for a bogus report.
On October 21st Morse told the defendant by telephone that he had the report and they met that afternoon in New Orleans. The telephone conversation and meeting were secretly recorded and several police officers watched from surveillance points. Morse gave the defendant an envelope that contained the F.B.I. "report" and Morse said the defendant told him to retrieve $250.00 from inside a book that was behind the driver's seat of defendant's pick-up *542 truck. Defendant claims the book did not contain money but was related to a poster he had given to Morse. The State argues the taped conversation reveals that Morse asked, "This, the money?", while the defendant maintains he said, "This, the book?".
After leaving the truck, Morse fanned a handful of currency which was a signal to make the arrest. The defendant says Morse took the money from his own pocket, not from the book. Police officers searched Morse prior to his meeting the defendant and all of the money was removed from his pockets.
The defendant was also charged with public bribery in Jefferson Parish and acquitted before his instant conviction.

DOUBLE JEOPARDY
Defendant's first assignment of error focuses on the similarities and factual overlays between the Jefferson and Orleans charges. Essentially, defendant contends he was tried in Jefferson Parish for both alleged bribesthe $400 on May 14th and the offer on October 21stand this constitutes double jeopardy.
R.S. 14:118 defines public bribery:
Public bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
(1) Public officer or public employee;...
Tracking this statutory language, the Jefferson bill of information charged that defendant:
[O]n or about the FOURTEENTH day of MAY in the year of our Lord One Thousand Nine Hundred EIGHTY with force and arms, in the Parish aforesaid [Jefferson] and within the jurisdiction of the Twenty-Fourth Judicial District Court of Louisiana, in and for the Parish aforesaid, violated R.S. 14:118 by giving and offering to give $400.00 in U.S. currency to Detective John R. Morse, an officer of the New Orleans Police Department, with the intent to influence the conduct of the said John R. Morse in relation to his position, employment and duty,.... (Our emphasis)
The short form indictment in Orleans charged that defendant:
[O]n the twenty-first of October in the year of our Lord, one thousand, nine hundred EIGHTY in the Parish of Orleans aforesaid, and within the jurisdiction of the Criminal District Court for the Parish of Orleans did wilfully [sic] and unlawfully commit public bribery by giving or offering to give, directly or indirectly, the sum of two hundred fifty dollars ($250.00) to one JOHN MORSE, a policeman employed by the New Orleans Police Department, with the intent of influencing the conduct of the said JOHN MORSE with regards to his position and duty as a police officer of the New Orleans Police Department,.... (our emphasis)
Thus, the information and indictment differ as to dates, locations, and amounts of money. Nonetheless, defendant contends it is unclear whether the acquittal on the Jefferson charge concerned only the alleged $400 payoff or also encompassed a bribery offer during the May 14th meeting. Defendant argues that, because the Jefferson charge does not specify the "object" of the bribe, i.e., his "non-arrest" or the F.B.I. report, and because Officer Morse testified at the Jefferson trial that defendant inquired about the F.B.I. report during their May 14th meeting, the Jefferson trial judge may have found defendant did not pay $400 or offer a bribe for the F.B.I. report. Therefore, defendant contends the Jefferson acquittal should have barred his subsequent prosecution in Orleans for the October 21st payoff involving the same object the F.B.I. report.
Defendant's argument rests on several suppositions: (1) that the crime of public bribery is a "continuous offense" as used in C.Cr.P. Art. 596 prohibiting consecutive prosecutions for different acts constituting a single offense; (2) that the crime of public *543 bribery is complete upon the making of an offer to give something of value to influence official conduct and "any subsequent giving is merely evidence of the already completed crime"; and (3) that if the "same evidence" test is applied to determine double jeopardy, the acquittal in Jefferson precludes prosecution in Orleans.
C.Cr.P. Art. 596 provides that:
Double jeopardy exists in a second trial only when the charge in that trial is:
(1) Identical with or a different grade of the same offense for which the defendant was in jeopardy in the first trial, whether or not a responsive verdict could have been rendered in the first trial as to the charge in the second trial; or
(2) Based on a part of a continuous offense for which offense the defendant was in jeopardy in the first trial.
Defendant argues that public bribery is either a "continuous offense" or is completed when an offer to bribe is made, regardless of whether the bribe is paid later. Thus, prosecution in Orleans for the October 21st payoff should be barred because of the prior prosecution in Jefferson for the alleged offer. We note, however, that R.S. 14:118 condemns two distinct acts, the "offering to give" and the "giving" of a bribe, either or both of which constitute violations. In State v. Hebert, 402 So.2d 675, 677 (La.1981), the court declared:
As we read the statute it proscribes both the giving and the offering to give without a provision that the offer and the taking shall together constitute a single offense.
In State v. LeBlanc, 305 So.2d 416, 417 (La.1974), relied on by defendant, the court stressed that the charge was an offer and did not include a giving. The LeBlanc court referred to six later telephone conversations concerning the mechanics of the kickback scheme agreed upon earlier and found the calls were not part of a continuing offense or separate offenses, noting that:
[N]one of the six calls, or any other evidence, indicates a later separate or a renewed offer to accept a bribe.
Thus, even if, as defendant argues, the Jefferson acquittal encompassed a possible offer to bribe Morse for the F.B.I. report on May 14th, it does not negate a separate offense if defendant later made another offer and paid to procure the report.
A review of the Jefferson and Orleans records persuades us that each prosecution dealt with an entirely separate offense. On its face, the Jefferson charge involved a "giving and offering to give" $400 to Morse on May 14, 1980. Although the purpose of the bribe is not stated in the information, the only evidence at trial concerned the $400 not to arrest the defendant. Morse testified that defendant:
A..... removed a roll[ed] up packet of money, which I later learned to be four one hundred dollar bills and he handed it to me.
Q Did he tell you what that money was for?
A Yes, sir. He stated at that time that this was for the other day, for helpinghe said for helping us.
Q And what was the help supposed to be?
A Not arresting him, Ronnie Laport and Adam Bagstan in New Orleans.
* * * * * *
Q And would you tell us what the purpose of your being given these four one hundred dollars was?
A For not placing him under arrest on May the 7th 1980.
All of the Jefferson trial focused on the money allegedly offered on May 7th and paid on May 14th for the non-arrest. Defendant points to a single segment of Morse's testimony which immediately followed his description of the $400 payoff:
Q Was there any other conversation between you and the defendant at that time?
A Yes, sir, there was. He asked me if I was familiar with an F.B.I. agent by the name of John Watson. He stated that Mr. Watson had been following *544 him around for several days and that he understood that the F.B.I. was conducting an investigation on him and would like to find out if they had any reports or what the reports might contain. He stated if I could find that out it would be worth something to me.
Q Did you understand him to mean that it would be worth money to you?
MR. AMATO:
I'm going ...
THE WITNESS:
Yes, sir.
MR. AMATO:
... to object, Your Honor. I think now we're beyond the scope of what he believed. Exactly what occurred is what we're interested in, not what Officer Morse believed.
MR. LOEB:
Your Honor, the defendant is charged with public bribery and it is important for the court to know what the understanding was between the parties at the time of the transaction and the understanding is founded on prior conversations as well as the conversation which occurred that evening.
THE COURT:
Objection overruled.
MR. LOEB:
Q I'll ask you again, was it your understanding when the defendant indicated to you that it could be worthwhile to youthat phrase indicated to you that it would be worth money to you?
A Yes, sir.
It is obvious this testimony was elicited merely to show, by defendant's pattern of activity, that his intention in giving the $400 was not innocent. We note the Jefferson case was a bench trial and find no indication that the trial judge, the defendant, or the attorneys believed the defendant was on trial for offering a bribe for the F.B.I. report.
Louisiana's "same evidence" test was discussed in State v. Didier, 262 La. 364, 263 So.2d 322, 327 (1972):
As quoted with approval in the Official Revision Comment to Article 596, Louisiana has followed a form of the "same evidence" rule, which is stated in State v. Roberts, 152 La. 283, 93 So. 95, 96 (1922), as follows:
"[I]dentity of the offense is an essential element in support of a plea of autre fois. By this is not meant formal, technical, absolute identity: the rule is that there must be only substantial identity, that the evidence necessary to support the second indictment would have been sufficient for the first.

* * * * * *
"Whether the facts are the same in both trials is not a true test: the test is rather whether the acquittal on the first charge necessarily involves an acquittal on the second charge." (Emphasis ours.)
A similar formulation was applied in State v. Steele, 387 So.2d 1175 (La.1980):
If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy, and a defendant can be placed in jeopardy for only one. The test depends on the evidence necessary for conviction, not all the evidence introduced at trial.
Under any of these explanations, the Jefferson and Orleans charges would be considered distinct offenses. The "evidence necessary to support the second [Orleans] indictment" would have to show that on October 21, 1980 defendant offered or gave Morse $250 in Orleans Parish. This evidence would not "have been sufficient for the first" [Jefferson] charge that defendant offered or gave Morse $400 in Jefferson Parish on May 14, 1980. Likewise, because the two offenses pertained to defendant's conduct in different locations on different occasions, an acquittal on the Jefferson charge does not "necessarily involve an acquittal on the second charge."
Although both trials were held after the alleged incidents, the timing of the trials is *545 not dispositive of a double jeopardy question.
Generally, prohibition against double jeopardy is to protect an individual from the hazards of trial and possible conviction more than once for the same offense. We are satisfied two distinct offenses were charged and defendant's plea of double jeopardy is without merit.

VENUE
Defendant argues the trial court erred by denying his motions to quash and for a new trial because of improper venue. This contention also focuses on the lack of specificity in the indictment and on the perceived division of the crime into an "offer" made earlier in Jefferson and the "giving" months later in Orleans. Defendant maintains that the Orleans indictment charged defendant disjunctively with the offering or giving of $250, therefore his conviction might have been based on the offering in Jefferson.
We recognize the indictment improperly charged defendant disjunctively, instead of conjunctively, as provided in LSA-C.Cr.P. Art. 480. We also note, however, that defendant did not timely object to the duplicitous charge in his motion to quash, as required by C.Cr.P. Arts. 495, 521, 532, 535 and 536. Art. 495 provides:
The objections of misjoinder of defendants or misjoinder of offenses may be urged only by a motion to quash the indictment.
The Official Revision Comments make it clear that a duplicitous indictment is encompassed in Art. 495:
(a) This article is more comprehensive than Art. 221 of the 1928 Code, in that it specifically applies to objections of misjoinder of defendants and offenses, as well as of duplicity. These objections, aimed at multifariousness in the indictment or counts thereof, are of a similar nature and should be urged in the same manner. Actually, they have always been so treated, and this article codifies the practice.
(b) The motion to quash is broad enough to permit the court to consider all objections to the indictment, including misjoinder or duplicity appearing on the face of the indictment.

A duplicitous indictment is also one of the grounds for a motion to quash specified in Art. 532. Art. 521 specifies that pretrial motions must be filed within 15 days of the arraignment unless the court fixes a different time. Under Art. 535, Part C "A motion to quash on grounds other than [certain specified grounds which do not include duplicitousness] shall be filed in accordance with Article 521." Art. 535, Part D further provides, "The grounds for a motion to quash under Paragraphs B & C are waived unless a motion to quash is filed in conformity with those provisions." Although defendant filed a pretrial motion to quash, he did not question the duplicitous indictment. Art. 536 provides:
A motion to quash shall ... specify distinctly the grounds on which it is based. The court shall hear no objection based on grounds not stated in the motion.
In State v. Richard, 245 La. 465, 158 So.2d 828, 830 (La.1963), the court refused to consider a duplicitous indictment, stating:
Raised for the first time by supplemental brief in this Court is the complaint that the indictment is duplicitous. The objection is not timely. It cannot be urged after the jury has been sworn....
The same result was reached in Gueldner v. Heyd, 311 F.Supp. 1168, 1176 (E.D. La.1970), affirmed U.S. ex rel. Charbonnet v. Heyd, 432 F.2d 91 (5th Cir.1970), where the court held:
Therefore, we conclude that the objection of duplicity was not timely raised before the trial, and therefore petitioners have waived this defense. See State v. Richard, 245 La. 465, 158 So.2d 828 (1964); State v. Blankenship, 231 La. 993, 93 So.2d 533 (1957).
Our jurisprudence has traditionally viewed duplicitous indictments as defects *546 of the same character as misjoinder of offenses and improper consolidation of offenses. State v. Mallett, 357 So.2d 1105, 1109 (La.1978), cert. den. 439 U.S. 1074, 99 S.Ct. 848, 59 L.Ed.2d 41 said:
The prohibition against misjoinder of offenses and improper consolidation of offenses for trial is grounded on the possible prejudice arising from a single trial on two or more offenses. The defects are not jurisdictional nor do they constitute a denial of due process. State v. McZeal, on rehearing, 352 So.2d 592 (La. 1977); State v. Peters, on rehearing, 298 So.2d 276 (La.1974). Hence, misjoinder of offenses may be waived by the failure to timely assert it by a motion to quash, and improper consolidation of offenses for trial may be waived by the failure to object.
In State v. James, 305 So.2d 514, 518 (La.1974) our Supreme Court relaxed the formerly inflexible rule regarding technical defects in indictments and held:
The thrust of today's ruling simply modifies prior jurisprudence that permitted, post-verdict, the questioning of the sufficiency of the indictment even though there was no actual lack of notice and no actual prejudice.
In the present case, no real surprise or lack of notice is shown or even claimed to have deprived the defendant of a lack of opportunity to plead, prepare, or try his defense. The only issue raised concerns the technical sufficiency of the indictment, if it is construed strictly, and this issue is first raised after the verdict.
We do not believe the essential constitutional purpose of protecting an accused against state abuse by vague indictment requires us, under modern conditions of pleading and practice, to permit a defendant after verdict to raise defects in an indictment, by which he was not truly prejudiced through a lack of notice and by which (see below) he is not truly subject to any jeopardy of further prosecution.
The purpose of the rule against duplicitous charges was stated in City of Shreveport v. Bryson, 212 La. 534, 33 So.2d 60, 61:
[A] defendant in a criminal prosecution is entitled to know what accusation against him is relied upon by the prosecution, and, further, if the offenses are charged disjunctively or alternatively, the precise accusation against the defendant is left uncertain....
The defendant did not complain of any uncertainty as to the charge until after trial. The technical defect could not have caused prejudice or difficulty in preparation of a defense. If the objection had been properly and timely raised, the State could have amended the indictment to change "or" to "and". Since proof of an "offer" or "giving" charged conjunctively would have been sufficient to convict, we do not see how the disjunctive charge misled the defendant or the jury. Elevation of form to priority over substance should be avoided, especially here where remedy of this minor "form" error was effectively waived.
Defendant attempts to couple the technical defect in the indictment with the substantive argument that, because there was some evidence of an offer that occurred in Jefferson, the jury's verdict may have related solely to an offer that did not occur in Orleans Parish.
However, the indictment alleged that the offenses occurred in Orleans, on a specific date, (October 21, 1980), and that defendant offered a specific amount of money, $250. Those three facts had to be proven and were proven to occur only in Orleans. The testimony about the meeting in Jefferson Parish included a different date, (June 26, 1980) and no specific amount of money. Therefore, the Orleans jury could not have found appellant guilty of a bribery offer in Jefferson.
The overwhelming evidence at trial established that, on October 21, 1980 defendant gave Morse $250 for the F.B.I. report in New Orleans. The evidence also showed that, during that meeting defendant told Morse, "I want to give you something", *547 referring to the money defendant was offering in exchange for the report. The recorded telephone conversation earlier that day between Morse in New Orleans and defendant also evidenced an offer to bribe in Orleans Parish. Thus, the evidence supported both an offer and a giving of a bribe in Orleans Parish on October 21st.
A reviewing court may grant relief on grounds of improper venue only when there is no evidence that the offense occurred in the venue of the trial court. State v. Atkins, 360 So.2d 1341 (La.1978), cert. den. 441 U.S. 927, 99 S.Ct. 2041, 60 L.Ed.2d 402, reh. den. 442 U.S. 935, 99 S.Ct. 2871, 61 L.Ed.2d 305; State v. Dillon, 260 La. 215, 255 So.2d 745 (1971). This record amply supports the jury's finding of proper venue and the other elements of public bribery delineated in R.S. 14:118.
The defendant's conviction and sentence are affirmed.
AFFIRMED.