GUIDRY, Judge.
On November 5, 1984, defendant, Gervis Thibodeaux, was arrested and charged, in a single bill of information, with attempted second degree murder, a violation of La. R.S. 14:27 and 14:30.1; and, with aggravated criminal damage to property, a violation of La.R.S. 14:55. ' The defendant waived formal arraignment and entered a plea of not guilty to both charges. Defendant elected trial by jury.
Trial was had on June 12-13, 1985, before a jury of twelve persons. The jury returned a verdict of guilty as charged to both offenses. The court ordered a pre-sentence investigation. During the sentencing hearing, the State moved, joined by defense counsel, that the court set aside the conviction on count (2), i.e., aggravated criminal damage to property, as defendant was tried before an improperly composed jury for that offense. The trial court granted the motion and set aside the conviction on count (2).
Following the sentencing hearing, the trial court sentenced defendant to serve a term of fifteen (15) years at hard labor in a state penal institution, with credit for time served. Defendant appeals his conviction and urges the following assignments of error:
1. The trial court erred in that it failed to compel production of exculpatory evidence at the trial.
2. The trial court erred in refusing to quash the charges that were improperly joined in violation of defendant’s protection against double jeopardy and contrary to the criminal code of procedure of the State of Louisiana.
3. The trial court erred in refusing to charge simple criminal damage to property as a responsive verdict to the charge of aggravated criminal damage to property.
FACTS
On the evening of September 30, 1984, defendant went to a local drinking establishment known as Alex Broussard’s Ranch. There he met his brother, Whitney Thibodeaux, his sister-in-law, Evella Thibo-deaux, and his estranged girlfriend, Myrtle Guillory. The defendant and Miss Guillory spent several hours together that evening dancing and talking. Shortly after 10:00 p.m., Mrs. Thibodeaux and Miss Guillory decided to leave. While they and Whitney Thibodeaux were talking in the parking lot, defendant suddenly approached the three. As his brother embraced him, Whitney felt a shotgun which defendant was carrying hidden behind his back. Without audibly saying a word, Whitney informed his wife that defendant had a gun. She in turn warned Myrtle who immediately got in her car to leave. At this point, defendant pushed his brother aside, aimed the gun directly at Myrtle as she sat behind the steering wheel, and fired two shots at almost point blank range. The shots hit the car door below the window and Myrtle sped away unharmed.
Upon arriving safely at home, Myrtle phoned the Sheriffs department and an immediate investigation into the incident began. Defendant was later arrested and charged as aforementioned. He was ulti *574 mately tried before a twelve person jury and found guilty as charged.
ASSIGNMENT OF ERROR NO. 1
Through this assignment, defendant argues that the trial court erred in that it failed to compel production of exculpatory evidence at trial. During the course of the State’s case in chief, the State introduced into evidence several photographs of the victim’s car door. Defendant moved for production of the door itself, though he had not made any pre-trial efforts to inform the State that he considered such evidence as exculpatory, nor did he seek to preserve the evidence by any other means. The State responded that the car door was not evidence within its control and that the State believed the victim had already had the damage repaired. The trial judge ruled that in any event the photographs were sufficient and there was no particular need to produce the door if it is indeed available.
Defendant’s main interest in introducing the actual door into evidence revolved around his claim that the angle at which the shots hit the door prove that he did not fire upon the victim intending to kill her. Thus, he argues, the door itself is exculpatory evidence and the photographs are misleading. Defendant argues, under the best evidence rule, that he has a right to demand production of this “exculpatory” evidence and that the State had a duty to preserve such evidence.
La.R.S. 15:436 provides:
“The best evidence which from the nature of the case must be supposed to exist, and which is within a party’s control, must be produced.”
First, it does not appear that the door was within the State’s control. During pretrial discovery, the State allowed inspection of all evidence. Defendant never viewed the vehicle and never requested to do so. The State, being satisfied with the photographs, made no attempt to impound the door as evidence. In addition, it is apparent from the victim’s testimony that the evidence sought no longer existed at the time of trial. Ms. Guillory testified as follows:
“Q. Did it cost you any money to repair the vehicle?
A. Yes. It did.
A. About four ($400.00) or five hundred dollars ($500.00).”
In State v. Williams, 309 So.2d 303 (La. 1975), the defendant argued, under the best evidence rule, that a couch and aluminum window screen should be introduced into evidence rather than just photographs of these objects which the State deemed sufficient to prove its point. The court held that these were not items within the State’s control, that no request had been made to preserve them in a particular state, and thus the State was not required to produce them.
In State v. Bennett, 341 So.2d 847 (La. 1976), a defendant sought to compel the introduction into evidence of a watch stolen during the commission of a crime rather than a photograph of the watch, arguing that the watch itself was the “best evidence”. The Supreme Court held that defendant had not shown how his defense was impaired by introduction of the picture instead of the watch.
“Absent a showing of some prejudice to the defendant, the ‘best evidence’ rule will not be applied unreasonably. See State v. Fallon, 290 So.2d 273, 290 (La. 1974).”
The jurisprudence clearly establishes that the trial judge possesses inherent authority to regulate the unnecessary and irrelevant introduction of evidence at trial. It is evident that discretion is vested in the trial judge over such matters and his decision will not be disturbed absent a showing of abuse. State v. Sneed, 328 So.2d 126 (La.1976).
“The use of such [demonstrative] evidence is left within the sound discretion of the trial judge, who can decide best whether they serve a proper place in the jury’s enlightenment; his ruling in this respect will not be disturbed in the absence of an abuse of discretion.” (cita *575 tions omitted). State v. Mayberry, 457 So.2d 880 (La.App. 3rd Cir.1984).
It is apparent from the record that the trial judge was satisfied that the State laid a proper foundation for the introduction of the photographs and that the photographs accurately depicted the damage which resulted from the shotgun blasts. Realizing that the defendant had made no effort to preserve this evidence and realizing that such evidence would not necessarily have been viewed as exculpatory by the State, it does not appear that the trial judge abused his discretion. Furthermore, as the judge noted, there was no showing that such evidence still existed, and in fact, it was subsequently disclosed at trial that the damage had been repaired before trial. The trial judge’s determination that the photographs and testimony of the victim and other witnesses was sufficient to establish the angle of the shots and defendant’s intent when he fired the shots appears to be without error. For the reasons stated, this assignment is without merit.
ASSIGNMENT OF ERROR NO. 2
Through this assignment, defendant argues that the trial court erred in refusing to quash the information on the basis of improper joinder contrary to the provisions of La.C.Cr.P. art. 493 and Article I, Section 17 of the Louisiana Constitution of 1974. The State correctly asserts that defendant did not raise this precise issue in his motion to quash. Defendant specified in his motion to quash that the State’s action in charging the two offenses constituted double jeopardy as the State sought to charge defendant with a general criminal act and a specific criminal act for a single series of actions. At the trial level defendant did not move to quash the information on the basis of improper joinder. The State submits, therefore, that such failure constitutes a waiver since the ground of misjoin-der of offenses, urged on appeal for the first time, were not timely raised in the motion to quash.
An improper jury makeup is an error patent on the face of the record and thus reviewable even in the absence of an objection.[1] Thus, the court could review the conviction on count (2) even in the absence of a timely objection. However, by joint motion, before sentencing was had, the conviction on count (2) was set aside. Therefore, we are only concerned with count (1), the conviction for attempted second degree murder.
In arguing that defendant’s failure to timely object on grounds of misjoinder constitutes a waiver, the State relies on State v. Defraites, 449 So.2d 540 (La.App. 4th Cir.1984), writ denied, 452 So.2d 179 (La. 1984), and State v. Mallett, 357 So.2d 1105 (La.1978).
In Mallett, supra, the Supreme Court was faced with a misjoinder of offenses where the defendant had failed to file a motion to quash. In affirming defendant’s conviction, the court stated as follows:
“The prohibition against misjoinder of offenses and improper consolidation of offenses for trial is grounded on the possible prejudice arising from a single trial on two or more offenses. The defects are not jurisdictional nor do they constitute a denial of due process. State v. McZeal, on rehearing, 352 So.2d 592 (La. 1977); State v. Peters, on rehearing, 298 So.2d 276 (La.1974). Hence, misjoinder of offensés may be waived by the failure to timely assert it by a motion to quash, and improper consolidation of offenses for trial may be waived by the failure to object. La.Code of Criminal Procedure article 495; State v. McZeal, supra; State v. Peters, supra.”
Recently, our brethren of the Fourth Circuit, in State v. Defraites, supra, relying upon Mallett, determined that a duplicitous indictment was of the same character as misjoinder of offenses and improper consolidation of offenses and such defect was not *576 jurisdictional and could be waived by the failure to timely assert it by motion to quash. It is noteworthy that in Defraites, as in our case, a motion to quash was filed, however, the motion to quash did not raise as a ground duplicity in the indictment. The court concluded that the motion to quash must specify the grounds on which it is based and the court should consider no objection based on grounds not stated in the motion (La.C.Cr.P. art. 536). The court concluded that, although a motion to quash was filed, it did not specify duplicity and petitioners waived that defense. This is similar to our case where a motion to quash was filed, however, it did not specify a misjoinder of offenses as a ground. See also State v. Chapman, 367 So.2d 808 (La. 1979). For these reasons, we find defendant’s second assignment of error to be without merit.
ASSIGNMENT OF ERROR NO. 3
Defendant argues through this assignment that the trial court erred in refusing to charge the jury that simple criminal damage to property was a responsive verdict to the charge of aggravated criminal damage to property. This assignment is not properly before this court as the conviction on count (2), aggravated criminal damage to property, was set aside and accordingly, no sentence was pronounced. See State v. London, 316 So.2d 743 (La.1975); La.C.Cr.P. art. 912 and State v. Singletary, 428 So.2d 965 (La.App. 1st Cir.1983). For these reasons, we do not consider this assignment of error.
For the reasons assigned, defendant’s conviction and the sentence imposed are affirmed.
AFFIRMED.
PICKETT, J. Pro Tern., dissents and assigns written reasons.

. State v. Pollard, 438 So.2d 1208 (La.App. 3rd Cir. 1983). Also note that the conviction on count (1), triable before a jury of twelve, is not affected by the fiu;t that count (2) was improperly tried before a jury of twelve when it should have been tried before a jury of six. Pollard, Id.