JOHN S. PICKETT, Jr., Judge Pro Tern.,
dissenting.
Defendant, Gervis Thibodeaux, was convicted of attempted second degree murder and aggravated criminal damage to property. At sentencing the verdict on aggravated criminal damage to property was vacated, all as will be more fully discussed hereafter. On the conviction of attempted second degree murder the defendant was sentenced to serve fifteen years at hard labor. He has appealed his conviction, citing five specific alleged errors of the trial court.
The facts of the case have been stated in the majority opinion.
This dissenting opinion is concerned only with defendant’s assignment of error number two, namely, the assignment of error that related to the improper joinder of offenses.
Defendant was charged in a bill of information, with having, on or about, the 30th day of September, 1984,
(1) “Attempted to commit second degree murder of one Myrtle L. Guillory, in violation of the provisions of R.S. 14:27(30) (sic) and count 2, on the 30th day of September, 1984, committed aggravated criminal damage to property, being the property of Myrtle L. Guillory, in it was foreseeable that human life might be endangered, in violation of the provisions of R.S. 14:55.”
Prior to trial defendant filed a motion to quash predicated on the premise that the bill of information sought to impose criminal penalties upon the defendant for a single alleged act, under two separate statutes, namely * R.S. 14:27(30.1) and R.S. 14:55. Defendant cites R.S. 14:4 for the proposition that the State may file charges against the defendant under either a specific criminal statute, i.e., attempted second degree murder, or a general criminal statute, i.e., aggravated criminal damage to property, when both would apply, but defendant could not be charged with both, for this would be punishing defendant twice for a single act of criminal conduct. Defendant also cites article one, section fifteen of the United States Constitution, both *577 containing guarantees against double jeopardy.
Defendant’s motion to quash was overruled. Defendant timely objected to the ruling, and the case was tried. The defendant was found guilty as charged on both counts.
At the time of defendant’s sentencing it came to the attention of both the state and counsel for defendant that a jury of twelve persons is required to try a charge of attempted second degree murder, while a charge of aggravated criminal damage to property requires a jury of only six 'persons. At that point, by joint motion, before sentencing was had, the conviction on count number two (2) was set aside, with defendant specifically reserving his right to appeal the record on count number one (1).
Assignment of error number two has raised the issue which this member of the court considers crucial.
Through this assignment, defendant takes the position that the trial court erred in refusing to quash the information on the basis of improper joinder of offenses, one requiring a 12 person jury and the other requiring a 6 person jury. Defendant cites La.C.Cr.P. Art. 493 and Article I, Section 17 of the Louisiana Constitution of 1974. The state correctly asserts that defendant did not raise this precise issue in his motion to quash, in the district court. The state submits, therefore, that defendant’s failure to raise the issue in the lower court constituted a waiver and could not now be considered.
The issue of improper jury make up is an error patent on the face of the record and thus reviewable even in the absence of an objection. State v. Pollard, 438 So.2d 1208 (La.App. 3rd Cir., 1983).
Accordingly the question of improper joinder is properly before this court for review.
In the McZeal case the defendant had been charged, in the same indictment, with separate counts of aggravated rape, in violation of La.R.S. 14:43, and armed robbery, in violation of La.R.S. 14:64. He was tried by a single jury and found guilty as charged, on both counts, by a unanimous verdict. He was sentenced to death for the crime of aggravated rape and to serve 99 years at hard labor, without benefit of parole, probation or suspension of sentence for the crime of armed robbery. He appealed.
In re-hearing the supreme court reversed both the convictions and sentences, and remanded the cases for retrial, by separate trials. In articulating its reasons for doing so the court reviewed, in great detail, the history and development of procedure and rules involving the joinder of more than one criminal offense in a single bill of indictment, or bill of information.
In its opinion the court referred to Article One, Section 17 of the Louisiana Constitution of 1974, which provided in pertinent part, as follows:
“A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons, five of whom must concur to render a verdict.” (Emphasis added).
Acting under this constitutional authority the Louisiana Legislature enacted Article 493, which provides as follows:'
“Two or more offeiises may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, are of the same or similar character or are based on the same act or transactions connected together or constituting parts of a common scheme or plan; provided that the offenses joined must be triable by the same mode of trial.”
*578 After quoting these provisions the court said:
“It is readily apparent that the words “same mode of trial” could refer to more than one logical method of classifying trials in criminal cases. Article 1, Section 17 of the Louisiana Constitution of 1974 suggests four classes of trials: trial before a judge only; trial before a jury of six persons, five of whom must concur to render a verdict; and trial before a jury of twelve persons, ten of whom must concur to render a verdict; and trial before a jury of twelve persons, all of whom must concur to render a verdict. These classifications are based upon both the character of the trier of fact and the requirement for reaching a verdict. By selecting different criteria, other classes of trials could be devised: if one focused on the presence or absence of a jury, there would be two modes of trial; non-jury, and jury; if one focused on the number of triers of fact, there would be three modes of trial, “judge, six-person jury, twelve-person jury.”
The court further stated:
“The state’s argument that ‘mode of trial’ should be defined broadly because a defendant may seek a severance as relief from a prejudicial joinder of offenses fails to recognize the difference between a misjoinder and a permissible but prejudicial joinder. Under the Code of Criminal Procedure, when offenses are not properly joinable under Article 493, the defendant has a right to have the indictment quashed. La.C.Cr.P. Art. 495. In contrast, if the offenses are joinable, but the joinder is prejudicial, a defendant is only entitled to seek a severance, which shall be granted before trial “if it is deemed appropriate to promote a fair determination of the defendant’s guilt or innocence of each offense. La.C.Cr.P. Art. 495.1(a). Thus, Article 493 may be said to contain a built-in standard of prejudice which simply means that any form of joinder not permitted by the terms of the article is conclusively prejudicial.”
Continuing in this line of reasoning the court said:
“For these reasons we conclude that the legislature, by requiring that offenses joined for trial be triable by the same mode of trial, had reference to the four modes of trial indicated by Article 1, See. 17 of the 1974 Louisiana Constitution, viz., trial by judge, trial by jury in cases in which the punishment may be with or without hard labor, trial by jury in cases in which the punishment necessarily is with hard labor, and trial by jury in cases in whch the punishment may be capital.”
“Under the joinder-quash-severance scheme of the code of criminal procedure any improper joinder under Article 493, as amended by Act 528 of 1975, is conclusively presumed to be prejudicial or harmful. As under Federal Rule of Criminal Procedure 8(a) which is the primary source of our present Article 493, this means that where the trial judge determines that offenses have been mis-joined, he has no discretion to deny relief. Similarly, when an appellate court is faced with a decision below erroneously sustaining joinder, it should reverse and order separate trials.”
The court concluded by saying that the violation of Article 493 and the error in the instant (McZeal) case was not a mere technicality, but that it was an impermissible, conclusively prejudicial, joinder, to which the defendant timely and properly objected. The error was “prejudicial to the substantive rights of the accused (and) a substantial violation of a ... statutory right.”
The McZeal case was subsequently cited by the Louisiana Supreme Court in State v. Carter, 362 So.2d 510 (La.1978), in determining whether four counts contained within one indictment “were triable by same mode of trial.” McZeal was quoted favorably.
In the instant case, where the criminal offense of attempted second degree murder, requiring a twelve person jury, was included in the same indictment with the criminal offense of aggravated criminal *579 damage to property, requiring a six person jury, the “mode of trial” is clearly different, in the light of the prevailing jurisprudence of this State, and therefore this was an impermissible, conclusively prejudicial, joinder, prejudicial to the substantive rights of the accused and a substantial violation of a statutory right. C.Cr.P. Art. 921.
Accordingly, the conviction of the defendant should be reversed, and the case remanded for trial.
For the foregoing reasons, I respectfully dissent.

 Bill of information incorrectly designated this as R.S. 14:27(30).