KING, Judge.
The issues presented by this appeal are whether or not the trial judge sufficiently complied with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 and whether the sentence imposed on the defendant is excessive.
On January 27,1987, Robert Earl Branch (hereinafter defendant) was charged by indictment with the crime of second degree murder, a violation of LSA-R.S. 14:30.1. Pursuant to a plea bargain, defendant pled guilty to the lesser charge of manslaughter, a violation of LSA-R.S. 14:31. The trial court accepted defendant’s guilty plea and deferred sentencing until a pre-sen-tence investigation report could be completed. After receiving this report and holding a sentencing hearing, the trial court sentenced defendant to the custody of the Louisiana Department of Corrections to serve five years at hard labor. Defendant appeals his sentence, alleging that the trial judge failed to consider positive factors disclosed by the pre-sentence investigation report and, in light of these factors, that the sentence imposed was excessive. We affirm.
FACTS
The following facts appear from defendant’s statement in the pre-sentence investigation report. On December 1, 1976, defendant visited the home of Mary Ann Bod-die, the victim. Sometime after his arrival, an argument ensued between defendant and Boddie. During the course of the argument, Boddie stabbed defendant in the left arm, at which time he left the house. Upon leaving, defendant picked up a shotgun which he had left on the front steps. As defendant was crossing the street in front of the house, Boddie allegedly ran after him and attempted to stab him in the back. Defendant then shot and killed Bod-die.
The victim’s daughter, Ronda Boddie, was a witness to the crime and offered a conflicting version of the incident. According to her statement, defendant did not retreat after he was stabbed in the arm. She stated that defendant left the house and then returned seconds later with a shotgun. At this time, the argument began again, and the defendant knocked the victim down. When she got up, defendant aimed the gun at her and shot her.
ASSIGNMENTS OF ERROR NUMBERS 1 and 2
By these assignments of error, defendant contends that the trial judge failed to properly apply the sentencing guidelines set forth in La.C.Cr.P. Art. 894.1, and that the trial judge failed to state the considerations upon which the sentence was based.
A trial judge is required to state for the record the considerations he has taken into account and the factual basis for such considerations in imposing sentence. La.C. Cr.P. Art. 894.1(C); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Schaeffer, 414 So.2d 730 (La.1982); State v. Pollard, 438 So.2d 1208 (La.App. 2 Cir.1983), writ den., 443 So.2d 1125 (La.1984); State v. Tully, 430 So.2d 124 (La.App. 2 Cir.1983), writ den., 435 So.2d 438 (La.1983).
While a sentencing judge is not required to articulate every aggravating and mitigating factor set forth in La.C.Cr. P. Art. 894.1, the record must reflect that the sentencing court adequately considered these guidelines in particularizing the sentence to the defendant. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984); State v. Richardson, 438 So.2d 1315 (La.App. 3 Cir.1983). The important elements which must be considered are the defendant’s personal history, prior criminal record, seriousness of the particular offense, and likelihood of rehabilitation or recidivism. State v. Soco, 441 So.2d 719 (La.1983); State v. Ezernack, 408 So.2d 907 (La.1981).
Even in the absence of adequate compliance with the guidelines of La.C. Cr.P. Art. 894.1, a sentence will not be vacated nor will the case be remanded for resentencing when the record clearly supports the sentencing choice. State v. Davis, 448 So.2d 645 (La.1984); State v. King, 471 So.2d 1181 (La.App. 3 Cir.1985).
*751 At the sentencing hearing, the trial judge clearly articulated the considerations for the sentence imposed, including all factors in mitigation of a prison sentence. He considered the fact that the victim did, in part, facilitate the crime. It was also considered that the defendant had no history of prior delinquency and that he had led a law abiding life. Defendant’s age of 62 and his successful completion of a twenty year military career were additional factors taken into account. In light of defendant’s background, the trial judge concluded that it is unlikely that a similar situation would recur in the future and that defendant “might be the type of person who would respond to probationary treatment.”
After summarizing all of the mitigating factors disclosed by defendant’s pre-sen-tence investigation report, the trial judge stated that these factors were outweighed by the aggravating circumstances. He placed great emphasis on the fact that defendant’s conduct caused serious harm, the loss of a human life. The trial judge opined that a lesser sentence would depreciate the seriousness of the crime. Furthermore, he noted that imprisonment would not entail excessive hardship to the defendant or his dependents. The judge also expressed his belief that, although the defendant acted under some provocation, it was not the type of provocation that justified defendant’s actions. He concluded that defendant had the opportunity to leave the scene of the altercation before the shooting and to avoid the whole incident but chose not to do so.
It is apparent that the trial judge gave adequate consideration to the sentencing guidelines set forth in La.C.Cr.P. Art. 894.1 in particularizing the sentence to this defendant. Therefore, we find Assignments of Error Numbers 1 and 2 to be without merit.
ASSIGNMENT OF ERROR NUMBER 3
By this assignment of error, defendant contends that his five year sentence is excessive and violates Art. I, § 20 of the Louisiana Constitution of 1974.
Defendant could have received a maximum sentence of twenty-one years at hard labor. LSA-R.S. 14:31. The five year sentence is therefore within the statutory limits for sentencing; however, even a sentence which falls within the statutory limits may violate a defendant’s right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979).
For a sentence to be excessive, the penalty imposed must be so grossly disproportionate to the crime committed, in light of the harm caused to society, as to shock our sense of justice. State v. Cann, 471 So.2d 701 (La.1985); State v. Bonanno, 384 So.2d 355 (La.1980). However, the sentencing court is given wide discretion in the imposition of sentence within statutory limits, and the sentence should not be set aside as excessive in the absence of a manifest abuse of the sentencing court’s discretion. State v. Spencer, 374 So.2d 1195 (La.1979); State v. Sepulvado, supra.
As the trial court pointed out, defendant’s action resulted in the loss of a human life, which is . perhaps the most serious offense that a person can be involved in ...” Defendant admitted to the shooting and pled guilty to manslaughter. The record reflects that defendant did so voluntarily and with full knowledge of the possible penalty associated with the offense. The trial judge apparently believed Ronda Boddie’s version of the incident and therefore determined a prison sentence was warranted under the circumstances.
After a careful review of the record, we conclude the trial court’s finding that the aggravating factors outweighed the mitigating factors was not manifestly erroneous. We further conclude that the trial judge did not abuse his discretion in sentencing defendant to five years at hard labor. This Assignment of Error Number 3 is also without merit.
For the reasons assigned, the judgment of the trial court is affirmed.
AFFIRMED.